IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| JASMINE ATKINS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. NO. 6:20-cv-01162 |
| | § | |
| | § | |
| WRIGHT & BROWN CORPORATION | § | |
| D/B/A JIM WRIGHT COMPANY | § | |
| | § | JURY DEMANDED |
| | § | |
| Defendant. | § | |

**COMPLAINT**

Plaintiff, JASMINE ATKINS, files this Complaint and Jury Demand against Defendant WRIGHT & BROWN CORPORATION D/B/A JIM WRIGHT COMPANY (Defendant, or Jim Wright Company) alleging willful violation of Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C. Sec. 1981. For causes of action, Plaintiff would show the Court as follows:

**I.**
**PARTIES, JURISDICTION, VENUE, AND**
**ADMINISTRATIVE EXHAUSTION**

1. Plaintiff, JASMINE ATKINS, is a resident of Bell County, Texas.

2. Defendant WRIGHT & BROWN CORPORATION is an entity which can be served with Citation through its Registered Agent, James M. Wright, 3800 South W.S. Young Dr, Ste 101, Killeen, TX 76542.

3. At all times relevant to this case, Defendant WRIGHT & BROWN CORPORATION acted as Plaintiff's employer.

4. This Court has jurisdiction to hear the merits of Ms. Atkins' claims under 28 U.S.C. §1331. The Court has supplemental jurisdiction over Ms. Atkins' claims arising under Texas statutory law under 28 U.S.C. §1367. Venue is proper in this district and division under 28 U.S.C. §1391(b)(1) because the incidents that gave rise to the claims in this case occurred within this district and division.

5. Plaintiff exhausted her administrative remedies in this case by filing a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission and the Texas Workforce Civil Rights Division on March 4, 2019, within 180 days of her termination on January 17, 2019. Plaintiff received a Right to Sue notice from the U.S. Equal Opportunity Commission on or after September 22, 2020.

## II.
## FACTUAL BACKGROUND

6. Ms. Atkins was hired by the Jim Wright Company in September 2016 as the Marketing Coordinator. She is African-American.

7. In October 2018, Ms. Atkins was setting up for an event with another employee, who is white. One of the props for the event was a ghost, and the white employee kept referring to the ghost as looking like a KKK member. Ms. Atkins reported his remarks to HR representative, Suzanne Gilbert. Ms. Gilbert did nothing about Ms. Atkins' report.

8. On December 20, 2018, Ms. Atkins was hanging Christmas lights with some other employees, including Defendant's owner, Jim Wright. While they were hanging the lights,

Mr. Wright said, "hang 'em like they used to do the black people." Ms. Atkins immediately e-mailed Ms. Gilbert to let her know that that had happened.

9. On January 16, 2019, a meeting to address Ms. Atkins' concerns about Mr. Wright's comment was held. The meeting was attended by Mr. Wright, Ms. Gilbert, Ms. Gilbert's manager, and Ms. Atkins' manager, among others. Mr. Wright was angry during the meeting and challenged Ms. Atkins. He kept asking her "so you think I'm a racist? How am I racist?" Ms. Atkins told him that she was not calling him racist, but that she had been offended by his comment about hanging black people. After the meeting, Ms. Gilbert and her manager asked Ms. Atkins what could be done to "get beyond this." She told them that she thought it would be good to have a policy or procedure telling employees what to do if they think there is discrimination. Ms. Gilbert responded: "you got the sexual harassment policy. What more do you want?"

10. Ms. Atkins was fired the following day, January 17, 2019.

### III.
### CAUSE OF ACTION

### DISCRIMINATION UNDER TITLE VII
### OF THE CIVIL RIGHTS ACT OF 1964 AND 42 U.S.C. SEC. 1981

11. Plaintiff timely filed with the Equal Employment Opportunity Commission (EEOC) a charge of discrimination against Defendant. Plaintiff received a notice of the right to sue from the EEOC within 90 days of the filing of this complaint.

12. Plaintiff was an employee within the meaning of Title VII and belongs to a class protected under the statute, namely Plaintiff was discriminated against because of her race (African-American) in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §2000e2(a)(1).

13. Defendant is an employer within the meaning of Title VII.

14. Title VII of the Civil Rights Act of 1964 states, in pertinent part, that, "(a) It shall be an unlawful employment practice for an employer (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

15. 42 U.S.C. §1981 prohibits race discrimination in the making and enforcing of contracts, including the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges and conditions of the contractual relationship.

16. Defendant intentionally discriminated against Plaintiff because of her race in violation of Title VII and 42 U.S.C. §1981 by creating a racially hostile work environment and retaliated against Plaintiff in violation of Title VII 42 U.S.C. §1981 by terminating her employment. The unlawful practices committed by Defendant were and are a direct cause of Plaintiff's damages.

## IV.
## DAMAGES

17. As a result of Defendant's unlawful conduct, Plaintiff has suffered economic and actual damages, including past and future lost income, back wages, interest on back pay and front pay, future wages or front pay, lost earnings in the past and future, lost benefits under the contract or employment relationship, employment benefits in the past, and employment benefits

in the future. Plaintiff has also incurred other actual damages as a result of Defendant's unlawful conduct, including but not limited to past and future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, and other pecuniary and non-pecuniary losses.

## V.
## COMPENSATORY DAMAGES

18.     Defendant intentionally engaged in an unlawful employment practice by discriminating against Plaintiff because of her race. Plaintiff additionally brings suit for compensatory damages, including emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, lost earning capacity in the past and future, and other pecuniary and non-pecuniary losses.

## VI.
## PUNITIVE DAMAGES

19.     The conduct committed by Defendant against Plaintiff is the type of conduct demonstrating malice or reckless indifference to the rights of the Plaintiff. Therefore, Plaintiff additionally brings suit for punitive damages.

## VII.
## ATTORNEYS' FEES AND EXPERT FEES

20.     A prevailing party may recover reasonable attorneys' and experts' fees under Title VII, 42 U.S.C. Sec. 1981, and the Texas Commission on Human Rights Act. Plaintiff seeks all reasonable and necessary attorneys' fees in this case, including preparation and trial of this lawsuit, post-trial, pre-appeal legal services, and any appeals. Plaintiff additionally brings suit for expert fees.

## VIII.
## JURY DEMAND

21. Plaintiff demands a trial by jury of all the issues and facts in this case and tenders herewith the requisite jury fee.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that:

1. The Court assume jurisdiction of this cause;

2. The Court award Plaintiff damages as specified above;

3. The Court award Plaintiff reinstatement or, in the alternative, front pay;

4. The Court award Plaintiff's reasonable attorneys' and expert fees and costs;

5. The Court award Plaintiff pre- and post-judgment interest at the highest rates allowed.

Plaintiff further prays for any such other relief as the Court may find proper, whether at law or in equity.

Respectfully submitted,

THE LAW OFFICES OF KELL A. SIMON
501 North IH-35, Suite 111
Austin, Texas 78702
(512) 898-9662 Telephone
(512) 368-9144 Facsimile

/s/ Kell A. Simon
Kell A. Simon
State Bar No. 2406088
ATTORNEY FOR PLAINTIFF